IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ B. DÍAZ MORALES,

Plaintiff,

v.

CIVIL NO. 15-1096 (GAG)

AGENT ADRIEL JIMÉNEZ RIVERA, in his individual capacity; SERGEANT LUIS A. ROSARIO, in his individual capacity; JOHN DOE, in his individual capacity,

Defendants.

## OPINION AND ORDER

This dispute arises from an altercation with police in which Mr. José Díaz Morales ("Plaintiff") was shot and seriously injured. Plaintiff seeks recovery for his damages from two police officers: Agent Adriel Jiménez Rivera ("Agent Jiménez") and Sergeant Luis Rosario ("Sergeant Rosario"). Sergeant Rosario moves to dismiss Plaintiff's amended complaint on statute of limitations grounds. (Docket No. 69.) The key issue here is not whether Plaintiff was injured by police officers; it is whether Plaintiff has waited too long to bring his claims against Sgt. Rosario. To summarize, Plaintiff delayed far beyond the time allowed for raising his claims. For that reason, Plaintiff's claims against Sgt. Rosario must be **DISMISSED.**

### I.  Relevant Factual and Procedural Background

On the morning of July 20, 2012, Plaintiff got into an altercation with an unknown group of individuals. (Docket No. 35, ¶ 10.) Seeking to avoid a conflict with these individuals, Plaintiff ran to the train station at Centro Médico, where Plaintiff got into another conflict, this time with a train station security guard. Id. at 12. At some point during the conflict with the security guard,

**Civil No. 15-1096 (GAG)**

Plaintiff drew a knife. Id. at 15. Then, in an effort to avoid the security guard, Plaintiff ran downstairs to the first floor of the train station. Id.

Once on the first floor, Plaintiff was approached by two officers of the Puerto Rico Police Department ("PRPD"), Agent Jiménez and Sergeant Rosario. Id. at 16. Knife drawn, Plaintiff grabbed two bystanders, a woman and child, and "sat them on his lap." Id. at 17. Agent Jiménez drew his gun and aimed at Plaintiff. Id. at 18. Agent Jiménez ordered Plaintiff to drop his knife and let go of the woman and the child. Id. at 19. Eventually, Plaintiff complied. Id. at 20-21.

At that point, Plaintiff sat on the train station floor, alone and unarmed, with his hands on his head. Id. at 22. Then, an officer shouted in Spanish: "Shoot this motherfucker in the head!"[1] Id. at 29. Agent Jiménez discharged his weapon, shooting Plaintiff in the left forearm. Id. at 30-33. Plaintiff panicked, tried to stand, and fell unconscious. Id. at 34. He woke up two days later in the hospital. Id. at 35.

Plaintiff filed his first complaint in Puerto Rico local court on July 9, 2013. (Docket No. 74 at 4; Docket No. 81-1, certified translation.) The local court complaint named three defendants: the PRPD, Agent Jiménez, and Sgt. Rosario. (Docket No. 81-1.) On February 7, 2014, the local court claims against Sgt. Rosario were dismissed without prejudice. (Docket Nos. 74 at 4-5; 81-1.)

On February 3, 2015, Plaintiff filed a second complaint, this time in federal court. (Docket No. 1.) The federal complaint named two defendants: the PRPD and Agent Jiménez. Id. Plaintiff's claims against the PRPD were dismissed on sovereign immunity grounds. (Docket No. 5.) Then, on August 21, 2015, Plaintiff filed an amended complaint adding Sgt. Rosario as a Defendant. (Docket No. 35.) The amended complaint alleges violations of the Fourth Amendment

---

[1] Plaintiff further alleges that "Rosario encouraged and/or instigated Jiménez to shoot Plaintiff in the head." Id. at 47.

2

**Civil No. 15-1096 (GAG)**

and 42 U.S.C. § 1983 on the theories of excessive force, inadequate training, and official policy or custom violations. Id. at 65-70. Plaintiff also alleges Defendants' negligence under Puerto Rico state law. Id. at 71-73. Sgt. Rosario raises a statute of limitations defense in moving to dismiss. (Docket No. 69.) Plaintiff filed opposition, to which Sgt. Rosario replied. (Docket Nos. 74, 78.)

## II.     Standard of Review

In considering a motion to dismiss, the court accepts the complaint's alleged facts as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Instead, a court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). The court may also draw from undisputed court documents generated in proceedings referenced in the complaint. See Prisma Zona Exploratoria de P.R. v. Calderón, 310 F.3d 1, 2 (1st Cir. 2002).

## III.    Discussion

A statute of limitations creates "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." Black's Law Dictionary 1546 (10th ed. 2014). The statute's purpose is "to require diligent prosecution of known claims" for the sake of fairness, finality, and efficiency. Id. When a plaintiff delays in asserting known claims, bad things can happen. In short, that is what happened here. Plaintiff delayed in naming Sgt. Rosario in his federal complaint until after the limitations period lapsed. For that reason, Plaintiff's claims against Sgt. Rosario must be dismissed.

A. Statute of Limitations

Section 1983 claims borrow the forum state's statute of limitations for personal injury actions. City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5 (2005); Alamo-Hornedo v. Puig, 745 F.3d 578, 580 (1st Cir. 2014). Puerto Rico is functionally viewed as a state for section 1983 claims. Alamo-Hornedo, 745 F.3d at 580 (citation omitted). Under Puerto Rico law, the limitations period is one year. Rodriguez Narvaez v. Nazario, 895 F.2d 38, 42 (1st Cir. 1990) (citing P.R. LAWS ANN. tit. 31, § 5298(2)).

By contrast, the accrual date—the date the limitations clock starts—is governed by federal law. Morán Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008). Under federal law, the accrual date is the day "plaintiff knows, or has reason to know of the injury on which the action is based." Id. Here, applying federal law, Plaintiff knew of his injury on either July 21, 2012 (the day he was shot by Agent Jimenez) or July 23, 2012 (the day Plaintiff woke up in the hospital). (See Docket No. 35, ¶ 30.) Thus, the limitations period for Plaintiff's claim would have lapsed one year later, no later than July 24, 2013, unless it was tolled.

B. Statutory Tolling

For section 1983 claims, tolling of the statute of limitations is governed by Puerto Rico law. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004) (citing Fernandez v. Chardon, 681 F.2d 42, 49-50 (1st Cir. 1982). Puerto Rico law provides three ways to toll the statute of limitations: "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. LAWS ANN. tit. 31, § 5303. The tolling mechanism relevant here is "institution

before the courts"—i.e. filing suit.[2]  If tolled, the limitations period "begins to run anew" once the court action "comes to a definite end." Rodriguez-Garcia, 354 F.3d at 97 (citations omitted).

Tolling is only effective for identical causes of action. Rodriguez Narvaez, 895 F.2d at 43; Alamo-Hornedo, 745 F.3d at 580.  See also Cintron v. Estado Libre Asociado de P.R., 127 D.P.R. 582, 595 (P.R. 1990) (holding that a timely extrajudicial claim did not toll the limitations period because it did not "pursue identical claims").  The First Circuit has interpreted the identicality requirement as satisfied when plaintiff asserts (i) the same substantive claims; (ii) against the same defendants; and (iii) seeks the same form of relief. Alamo-Hornedo, 745 F.3d at 582.  Identicality ensures that claims are timely brought and defendants are properly noticed.  See Rodriguez Narvaez, 895 F.2d at 43 (discussing the principles behind Puerto Rico's limitations laws).  Here, Plaintiff's local complaint, federal complaint, and amended complaint bring the same substantive claims, seeking the same relief.  The issue is whether plaintiff sued the same defendant.

The Puerto Rico Supreme Court recently tightened the statute of limitations tolling rule in cases involving joint tortfeasors.  The old rule held that the timely filing of a complaint against one defendant tolled the limitations period against all other defendants. Arroyo v. Hosp. La Concepción, 130 D.P.R. 596, 605 (P.R. 1992).  In other words: tolled as to one defendant, tolled as to all.  In Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365 (P.R. 2012), the Puerto Rico Supreme Court reconsidered and squarely rejected the Arroyo rule.  (Docket No. 78-4, certified translation.)  Instead, the Court held a plaintiff must toll the limitations period as to each joint tortfeasor. Fraguada, 186 D.P.R. at 389.  To do so, a plaintiff must satisfy one of the three tolling mechanisms of § 5303 for each defendant before the limitations period lapses. Id.

---

[2] Plaintiff does not assert the existence of any "extrajudicial claim" by plaintiff, nor "any act of acknowledgement" by Sgt. Rosario.

Initially, Plaintiff's local court complaint tolled the statute of limitations for his claims against Sgt. Rosario. Plaintiff was allegedly shot by Agent Jimenez on July 21, 2012. (Docket No. 35, ¶ 30.) Thus, the one year limitations clock started ticking on July 22, 2012 (or July 24, 2012). Plaintiff filed his local court complaint on July 9, 2013 against three defendants: the PRPD, Agent Jiménez, and Sgt. Rosario. (Docket No. 74 at 4; see Docket No. 81-1, certified translation.) Under either the Arroyo or the Fraguada rule, Plaintiff's local court complaint tolled the statute of limitations as to claims against Sgt. Rosario.

Tolling is not permanent. Rather, the limitations period "begins to run anew from the date on which the action 'comes to a definite end.'" Rodriguez-Garcia, 354 F.3d at 97 (citations omitted). Plaintiff's local claims against Sgt. Rosario were dismissed without on February 7, 2014. (Docket No. 74 at 5; see Docket No. 81-2, certified translation.) Thus, the limitations clock for Plaintiff's claims against Sgt. Rosario reset and started ticking again on February 8, 2014.

Applying Fraguada, Plaintiff did not assert his claim against Sgt. Rosario in federal court before the limitations period lapsed. Plaintiff filed suit in federal court on February 3, 2015 against only two defendants: the PRPD and Agent Jiménez. (Docket No. 1.) Because Plaintiff did not name Sgt. Rosario as a defendant, the federal complaint did not toll the limitations period as to Sgt. Rosario. See Fraguada, 186 D.P.R. at 389. On February 9, 2015, the limitations period for plaintiff's claims against Sgt. Rosario lapsed. Therefore, by the time Plaintiff amended his complaint on August 21, 2015, the limitations period for claims against Sgt. Rosario had expired.

### C. Relation Back and Equitable Tolling

Two issues remain, although Plaintiff argues neither point. The first issue is whether Plaintiff's amended complaint "relates back" to the original federal complaint, bypassing the lapsed limitations period and reviving plaintiff's claims against Sgt. Rosario. The second is

6

whether equitable tolling applies, allowing Plaintiff to proceed with his claims against Sgt. Rosario despite his tardiness. Neither argument resuscitates Plaintiff's claims against Sgt. Rosario.

Plaintiff's amended complaint does not relate back to the initial federal complaint. As relevant here, Rule 15(c) of the Federal Rules of Civil Procedure creates two paths by which an amended pleading can relate back to the date of the original pleading: (i) when permitted by the applicable state statute of limitations or (ii) when a new party is added and the new party knew or should have known the action would be been brought, "but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(A), (C)(ii). First, under state law relation back preserved by Rule 15(c)(1)(A), Fraguada bars the addition of new defendants once the limitations period has lapsed. Fraguada, 186 D.P.R. at 389. Second, under Rule 15(c)(1)(C), Plaintiff's amended complaint does not relate back because Plaintiff cannot show Sgt. Rosario either knew or should have known of the federal action "but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii). There was no issue of mistaken identity with Plaintiff's federal complaint. Plaintiff named only two defendants: the PRPD and Agent Jiménez.

Under both federal and state law,[3] equitable tolling does not apply to Plaintiff's claims against Sgt. Rosario. Equitable tolling extends the limitations period in exceptional circumstances based on fairness considerations. See Neverson v. Farquharson, 366 F.3d 32, 39-41 (1st Cir. 2004) (discussing the applicability of equitable tolling to habeas proceedings). Here, the limitations period is not equitably tolled under federal law because Plaintiff has not shown defendant's misconduct caused the delayed filing. Benítez-Pons, 136 F.3d at 61. Similarly, Puerto Rico state law only provides equitable tolling for cases where a defendant "willfully and wrongfully

---

[3] The First Circuit has not decided whether equitable tolling for section 1983 claims is governed by state or federal law. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 71-72 (1st Cir. 2005) (citing Benítez-Pons v. Commonwealth of P.R., 136 F.3d 54, 63 (1st Cir. 1998).

Case 3:15-cv-01096-GAG-BJM   Document 83   Filed 11/16/16   Page 8 of 8

**Civil No. 15-1096 (GAG)**

(*dolosamente*) concealed" material information within the limitations period. Id. Equitable tolling is unavailable because Plaintiff has not alleged any facts of misconduct concealing Plaintiff's claim. See Ramirez Morales v. Rosa Viera, 815 F.2d 2, 4 (1st Cir. 1987) (no equitable tolling where defendants did not conceal material facts relating to a police shooting) *overruled on other grounds by* Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997).

Plaintiff's claims against Sgt. Rosario are barred by the statute of limitations and therefore fail as a matter of law. Accordingly, the Court need not address the other grounds for dismissal raised by Sgt. Rosario's motion to dismiss.

**IV.     Conclusion**

For the reasons stated above, Defendant Sgt. Rosario's motion to dismiss at Docket No. 69 is **GRANTED**. Plaintiff's claims against Defendant Sgt. Rosario are hereby **DISMISSED with prejudice**. Plaintiff's claims against Defendant Agent Jiménez proceed. As of this date, Defendant Agent Jiménez has not answered Plaintiff's amended complaint. Plaintiff has until December 1, 2016 to move for default or any other remedy.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 16th day of November, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

8